*E-FILED 5/9/05*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOLBY LABORATORIES, INC., ET AL., <br><br> Plaintiffs, <br> v. <br> LUCENT TECHNOLOGIES, INC., ET AL., <br><br> Defendants. | NO. 5:01-cv-20709 JF (RS) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DOLBY'S REQUEST FOR ATTORNEYS' FEES** |

## I. INTRODUCTION

Plaintiffs Dolby Laboratories, Inc. and Dolby Laboratories Licensing Corporation (collectively, "Dolby") previously filed a motion for evidentiary sanctions against defendants Lucent Technologies, Inc. and Lucent Technologies Guardian I, LLC (collectively, "Lucent"), which was granted in part and denied in part in an order issued on January 28, 2005. In that order, Dolby was awarded the fees incurred in filing its motion and was instructed to submit such fees to the Court for a determination as to the amount of money Lucent would be ordered to pay to Dolby. Accordingly, on February 10, 2005, Dolby submitted its fee request to the Court. On March 4, 2005, Lucent filed its objections to the fee request. Based on all papers filed to date, the Court grants in part and denies in part Dolby's request for attorneys' fees, for the reasons set forth below.

## II.  BACKGROUND

The Court has issued many orders in this action and will not, therefore, repeat here the factual background of this action.  As noted above, Dolby's present request is the result of a prior determination by the Court that Dolby was entitled to reimbursement of its reasonable fees incurred in filing a motion for evidentiary sanctions against Lucent.  Dolby has now submitted its request for reimbursement, which totals well over $100,000.00. Lucent objects to this amount based on its contention that: (1) not all of the billed activities are related solely to the motion for sanctions; (2) some of the billed activities would have been incurred by Dolby regardless of the motion for sanctions; (3) some of the billed activities reflect duplicative work; (4) several of the billed activities are excessive since they reflect work which was performed by a partner that could have been accomplished by an associate; and, (5) four of the entries reflect work that combines activities associated with the motion for sanctions with activities unrelated to the motion for sanctions.  Based on its objections, Lucent contends that the Court should award fees to Dolby in an amount no greater than $33,995.75.

## III.  STANDARDS

The Federal Rules of Civil Procedure, Rule 37(b)(2), authorizes the imposition of sanctions for a party's failure to comply with a discovery order.  <u>See</u> Fed.R.Civ.Pro. 37(b)(2)(D).  The decision to award sanctions, including attorneys' fees and costs, is discretionary.  <u>See</u> <u>National Hockey League v. Metropolitan Hockey Club, Inc.</u>, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780 (1976); <u>Telluride Management Solutions, Inc. v. Telluride Investment Group</u>, 55 F. 3d 463, 465 (9th Cir. 1995).

## IV.  DISCUSSION

A.   <u>Fees Incurred Which Are Unrelated to Sanctions Motion</u>

The first category of fees to which Lucent objects are those entries which it contends are not fairly attributable to Dolby's sanctions motion.  Lucent states that Dolby seeks reimbursement for the time spent on its original motion for sanctions, which was denied on December 15, 2004, rather than on its renewed motion for sanctions, filed on December 21, 2004.  Accordingly, since the fees incurred with respect to Dolby's initial motion for sanctions were not included in the Court's order issued on January 28, 2005, Lucent requests that such fees be excluded from Dolby's award.

A review of the time sheets submitted by Dolby indicates that there are many entries which appear to relate to the initial motion for sanctions filed by Dolby and are not directed solely towards the subsequent motion filed on December 21, 2004. Since the Court awarded Dolby the fees incurred solely with respect to its second motion for sanctions, Lucent's objections to Dolby's request for fees which reflect work directed towards the initial motion are sustained. Therefore, the fees denoted in Category One of Lucent's objections, totaling $14,442.25, will not be included in the award to Dolby.

B.  Fees Dolby Would Incur Regardless of Sanctions Motion

Lucent also objects to Dolby's request for fees based on its contention that many of the fees would have been incurred by Dolby regardless of the filing of its motion for sanctions since they involve generic tasks, such as reviewing and organizing documents. Again, a review of the time sheets submitted by Dolby appears to support Lucent's contention. In reviewing the work denoted in Lucent's Category Two, totaling $11,864, the entries appear to include work which Dolby would have completed in this action regardless of the motion for sanctions. As a result, the fees in this category will not be included in the award to Dolby.[1]

C.  Duplicative Fees

Lucent contends that several entries submitted by Dolby reflect duplicative work performed. However, with respect to the entries for F. Esponda and E. Quezada, dated December 9, 10, and 13, 2004, the Court has already disallowed those expenses in conjunction with Lucent's objections set forth in Category Two. Therefore, only four entries remain in dispute in this category and it does not appear that such entries are unnecessarily duplicative. Three of the entries reflect attorney Leibnitz's preparation for oral argument regarding the motion for sanctions and were all completed on separate days. Those entries do not represent an unreasonable amount of time spent on preparing for oral argument based on the gravity and scope of the requested relief. The final entry concerns legal research conducted by S. Raghunathan which is directly related to the issues raised by the Court at the hearing on the motion for sanctions. As a result, those four entries will be allowed in the award to Dolby and Lucent's objections thereto are overruled.

---

[1] Lucent requests that the Court deduct $10,590.00 in fees in Category Two. However, the deductions requested by Lucent actually total $11,864.00. Therefore, as noted, this total will be deducted from Dolby's fee request.

3

1       D.    <u>Fees Unreasonably Incurred for Work Performed by Partners</u>

Lucent also complains that Dolby's fee request is unreasonable because partners were utilized to accomplish "basic drafting and legal research work that could reasonably have been done by associates at lower rates." <u>See</u> Lucent's Objections at p. 2. Although this objection is well-taken, it is inappropriate to deduct, as Lucent suggests, all of the fees identified in Category Four since there is no argument that legitimate, related work was performed by the partners. Rather, as Lucent points out, the work could have been completed by associates at a lower rate. As a result, rather than deduct the entire amount of $57,135.50 from Dolby's award, the Court will apply the average associate rate of $200.00 per hour to the work that was performed in this category, resulting in an award of $25,400.00 to Dolby. Therefore, the sum of $31,735.50 will be deducted from the award to Dolby in Category Four.

     E.    <u>Fees Which Contain Work Unrelated to Motion for Sanctions</u>

Lucent contends that four specific entries improperly combine work related to the sanctions motion with work that is unrelated to the sanctions motion. However, all but one of the entries have already been deducted from the award based on the objections noted above. The only remaining entry to which Lucent objects reflects work performed by attorney Cooper on January 17, 2005. That entry, as Lucent correctly notes, combines work performed on the motion for sanctions with work that was performed on other, unrelated tasks. Specifically, attorney Cooper "reviewed Lucent's motion for miscellaneous relief to be permitted to file an additional brief in opposition to Dolby motion to compel Lucent to identify in the source code the limitations of asserted claims," which is not related directly to the motion for sanctions. <u>See</u> Jeffrey Fisher Declaration, Exh. B at p 8. Since the Court is unable to ascertain the amount of time that was spent on the task related to the motion for sanctions, and because Dolby bears the burden of demonstrating the hours worked in support of its fee request, <u>Fischer v. SJB - P.D., Inc.</u>, 214 F.3d 1115, 1121 (9th Cir. 2000), the entire entry, totaling $3480, will be disallowed. As a result, this amount will be deducted from Dolby's fee request with respect to the objections denoted in Lucent's Category Five.

## V. CONCLUSION

For the reasons stated, the Court grants in part and denies in part Dolby's request for an award of attorneys' fees incurred in filing its previous motion for evidentiary sanctions against Lucent and orders

4

1  Lucent to pay to Dolby the sum of $69,651.25 within twenty (20) days of the date of this order.

2  IT IS SO ORDERED.

3  Dated: May 9, 2005                                        /s/ Richard Seeborg
                                                             RICHARD SEEBORG
4                                                            United States Magistrate Judge

5

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Seth Beal    seth_beal@la.kirkland.com

John L. Cooper    jcooper@fbm.com, brestivo@fbm.com;calendar@fbm.com

Jeffrey M. Fisher    jfisher@fbm.com, renterig@fbm.com;calendar@fbm.com

Alan S. Kellman    akellman@kirkland.com, jlee@kirkland.com;djsullivan@kirkland.com

Andrew Leibnitz    aleibnitz@fbm.com

David Shukan    dshukan@kirkland.com, akellman@kirkland.com

**Dated: May 9, 2005**                                                                 **Chambers of Judge Richard Seeborg**

                                                                                                **By:    /s/ BAK**