** E-filed on 9/6/05 **

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DOLBY LABORATORIES, INC., et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>            Defendant.<br>_____<br>AND RELATED COUNTERCLAIMS | Case Number C 01-20709 JF<br><br>ORDER[1] GRANTING LUCENT'S MOTION TO DISMISS WITHOUT PREJUDICE DOLBY'S AFFIRMATIVE DEFENSES AND DECLARATORY JUDGMENT CLAIMS OF INVALIDITY<br><br>[Docket No. 684] |

On January 28, 2005, the parties filed seven motions for summary judgment related to the two patents at issue in this case: United States Patent No. 5,341,457 ("the '457 patent") and United States Patent No. 5,627,938 ("the '938 patent"). *See* Docket Nos. 496, 503, 511, 512, 520, 523, 529. Specifically, Plaintiffs/Counter-Defendants Dolby Laboratories, Inc., and Dolby Laboratories Licensing Corporation (collectively "Dolby") moved for summary judgment of (1) non-infringement of the '457 patent, (2) non-infringement of the '938 patent, (3) non-infringement of the '457 and '938 patents regarding Dolby's cinema technology, (4) no inducement of infringement and no contributory infringement of the '457 and '938 patents,

---

[1] This disposition is not designated for publication and may not be cited.

(5) laches and estoppel, as asserted in its affirmative defenses, and (6) invalidity of the '457 and '938 patents. Defendant/Counterclaimant Lucent Technologies Inc. and Counterclaimant Lucent Technologies Guardian I LLC (collectively "Lucent") moved for summary judgment as to a number of Dolby's affirmative defenses. On the same day, Dolby also filed a motion in limine to preclude Lucent from offering any expert report or testimony. *See* Docket No. 497. On April 22, 2005, the Court granted Dolby's motions for summary judgment of non-infringement, of no inducement of infringement, and of no contributory infringement of the '457 and '938 patents.[2] *See* Docket Nos. 680-81.

Lucent now moves to dismiss Dolby's affirmative defenses and Dolby's claims for declaratory judgment that the '457 and '938 patents are invalid, which would render the pending summary judgment motions moot.[3] Should the Court grant Lucent's motion, Dolby requests a ruling on its motion to preclude Lucent from offering any expert report or testimony so that the ruling may be reviewed on appeal simultaneously with the Federal Circuit's review of the judgment of non-infringement.[4] Both Lucent's motion to dismiss and Dolby's request for a ruling on its motion in limine are opposed.

## I. DISCUSSION

**A.   Motion to Dismiss Dolby's Affirmative Defenses**

Dolby's affirmative defenses were raised solely as defenses to Lucent's counterclaims of infringement of the '457 and '938 patents. Because the Court has ruled in favor of Dolby on

---

[2] Dolby appears to have withdrawn its motion for summary judgment of non-infringement of the '457 and '938 patents regarding Dolby's cinema technology, consistent with its previous representation to the Court that the parties had been discussing dismissal of the underlying infringement allegations, as this motion no longer appears as a pending motion on the Court's docket.

[3] In the alternative, Lucent moves the Court to certify for immediate appeal its April 2005 Orders granting Dolby's motions for summary judgment of non-infringement.

[4] At a case management conference on July 22, 2005, the parties discussed some of the issues raised by the instant motion and request. The Court set a briefing schedule and took the matter under submission without further oral argument.

2

these counterclaims, Lucent argues that Dolby's affirmative defenses are moot and should be dismissed. Dolby agrees that "its affirmative defenses relating to infringement issues . . . should be dismissed without prejudice pending resolution in the Federal Circuit." Opp'n at 8. However, it then asserts that dismissal is not appropriate with respect to its "affirmative defenses relating to the still pending reissue application for the '938 patent . . . (Affirmative Defense Nos. 7-9)," *id.*, despite the fact that these affirmative defenses also are defenses to Lucent's counterclaims of infringement. Although Dolby correctly observes that, until the '938 patent is reissued, there is no absolute certainty that the claims—and thus the infringement analysis—will remain the same, Lucent has represented that the reissue application contains no new claims, and it points out that, in any event, there are no live claims of infringement in this case. The Court concludes that, in light of its ruling of non-infringement, Dolby's affirmative defenses are moot and should be dismissed without prejudice. *See, e.g.*, *Bell Atl. Network Servs., Inc. v. Covad Communications Group, Inc.*, 92 F. Supp. 2d 483, 498-99 (E.D. Va. 2000).

**B.     Motion to Dismiss Dolby's Invalidity Claims**

Lucent also argues that the Court need not decide Dolby's claims that the '457 and '938 patents are invalid and that the Court may exercise its discretion to dismiss those claims in light of its ruling that Dolby has not infringed the '457 and '938 patents. The Federal Circuit has held that a district court has discretion "to dismiss a counterclaim alleging that a patent is invalid as moot where it finds no infringement." *Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998); *see also Nystrom v. TREX Co.*, 339 F.3d 1347, 1351 (Fed. Cir. 2003) (stating that district court could have dismissed counterclaim alleging invalidity—either with or without a finding that the counterclaim was moot—following grant of summary judgment of non-infringement). Although both *Phonometrics* and *Nystrom* involved the dismissal of *counterclaims* alleging invalidity following a finding of non-infringement, the Court finds no reason that the reasoning should not apply to the scenario presented by the instant case, in which

3

Case No. C 01-20709 JF
ORDER GRANTING LUCENT'S MOTION TO DISMISS WITHOUT PREJUDICE DOLBY'S AFFIRMATIVE DEFENSES AND DECLARATORY JUDGMENT CLAIMS OF INVALIDITY
(JFLC1)

1  Dolby brought *affirmative claims* of invalidity as the plaintiff in a declaratory judgment action.[5]
2  Even though the parties already have briefed fully Dolby's motion for summary judgment that
3  the '457 and '938 patents are invalid and have filed motions in limine should the invalidity
4  claims go to trial, the Court, having considered both parties' arguments on this issue, determines
5  that it is appropriate and in the interest of judicial economy to dismiss Dolby's invalidity claims
6  without prejudice at this time.[6] The cases cited by Dolby do not persuade the Court otherwise,
7  and Dolby will not be prejudiced by the dismissal.

8  **C.     Motion in Limine to Preclude Lucent from Offering Expert Report or Testimony**

9  Dolby's motion to preclude Lucent from offering any expert report or testimony was filed
10 as a motion in limine in connection with a scheduled jury trial. Because the Court intends to
11 grant Lucent's motion to dismiss both Dolby's affirmative defenses and Dolby's claims for
12 declaratory judgment that the '457 and '938 patents are invalid, there will be no trial unless the
13 Court's determination with respect to Dolby's infringement claims is reversed by the Federal
14 Circuit. Accordingly, Dolby's motion in limine is not ripe for decision. However, to the extent
15 that it is relevant to Lucent's anticipated appeal of the judgment of non-infringement, the Court
16 confirms, consistent with its comments at the hearing on March 29, 2005, that, were a trial to be
17 held (and were Dolby's motion thus ripe for decision), it would be inclined to grant the motion
18 for the reasons stated on the record at that hearing.

19                                    **II. ORDER**

20 Good cause therefore appearing, IT IS HEREBY ORDERED that Lucent's motion to
21 dismiss without prejudice Dolby's affirmative defenses and Dolby's claims for declaratory
22 //

23

24  [5] Dolby has acknowledged that dismissal of its claims of invalidity is within the Court's discretion.
25
26  [6] Considerations of judicial economy are particularly important in light of the fact that trial on Dolby's invalidity claims could not proceed until 2006 because of its counsel's trial
27  schedule and because appellate review of the Court's claim construction obviously will impact any invalidity determination.
28

4

Case No. C 01-20709 JF
ORDER GRANTING LUCENT'S MOTION TO DISMISS WITHOUT PREJUDICE DOLBY'S AFFIRMATIVE
DEFENSES AND DECLARATORY JUDGMENT CLAIMS OF INVALIDITY
(JFLC1)

judgment that the '457 and '938 patents are invalid is GRANTED. All pending motions are TERMINATED. *See* Docket Nos. 497, 503, 520, 523, 634-42, 644-47, 649-54.

DATED: September 6, 2005

/s/ (electronic signature authorized)
JEREMY FOGEL
United States District Judge

5

Case No. C 01-20709 JF
ORDER GRANTING LUCENT'S MOTION TO DISMISS WITHOUT PREJUDICE DOLBY'S AFFIRMATIVE DEFENSES AND DECLARATORY JUDGMENT CLAIMS OF INVALIDITY
(JFLC1)

1  This Order has been served upon the following persons:

| | |
|---|---|
| G. Seth Beal | seth_beal@la.kirkland.com, maguillon@kirkland.com |
| John L. Cooper | jcooper@fbm.com, brestivo@fbm.com, calendar@fbm.com |
| Jeffrey M. Fisher | jfisher@fbm.com, renterig@fbm.com, calendar@fbm.com |
| Darrell A. Fruth | dfruth@fbm.com, calendar@fbm.com, cschnurmacher@fbm.com |
| Nan E. Joesten | joestenn@fbm.com, calendar@fbm.com, ksmall@fbm.com |
| Alan S. Kellman | akellman@kirkland.com, jmafale@kirkland.com |
| Andrew Leibnitz | aleibnitz@fbm.com, dwilliams@fbm.com |
| David Shukan | dshukan@kirkland.com |
| Sangeetha M. Raghunathan | sraghunathan@fbm.com |

Jenny N. Lee
Kirkland & Ellis LLP
153 East 53rd Street
New York, NY 10012

Denis J. Sullivan
Kirkland & Ellis LLP
153 East 53rd Street
New York, NY 10012

Case No. C 01-20709 JF
ORDER GRANTING LUCENT'S MOTION TO DISMISS WITHOUT PREJUDICE DOLBY'S AFFIRMATIVE DEFENSES AND DECLARATORY JUDGMENT CLAIMS OF INVALIDITY
(JFLC1)