**E-Filed 5/15/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOLBY LABORATORIES, INC., et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>LUCENT TECHNOLOGIES, INC.,<br><br>　　　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case Number C 01-20709 JF<br><br>ORDER[1] GRANTING IN PART AND DENYING IN PART DOLBY'S MOTION FOR ATTORNEYS' FEES<br><br>[re: docket no. 700] |

## I. BACKGROUND

On May 31, 2001, Plaintiffs/Counter-Defendants Dolby Laboratories, Inc., and Dolby Laboratories Licensing Corporation (collectively "Dolby") filed suit against Defendant/Counterclaimant Lucent Technologies Inc. and Counterclaimant Lucent Technologies Guardian I LLC (collectively "Lucent") seeking a declaratory judgment of invalidity and non-infringement as to several of the claims of Lucent's United States Patents No. 5,341,457 ("the '457 patent") and No. 5,627,938 ("the '938 patent"). On August 8, 2002, Lucent filed an Answer and

---

[1] This disposition is not designated for publication and may not be cited.

Counterclaims against Dolby, asserting counterclaims that Dolby infringed the '457 and '938 patents.

On April 22, 2005, the Court issued Orders granting Dolby's motions for summary judgment of non-infringement, of no inducement of infringement, and of no contributory infringement of the '457 and '938 patents. On September 6, 2006, the Court granted Lucent's motion to dismiss without prejudice Dolby's affirmative defenses and Dolby's claims for declaratory judgment that the '457 and '938 patents are invalid. On the same date, the Court entered judgment in accordance with its Orders dated April 22, 2005 and September 6, 2005. On September 27, 2005, the Court issued an order clarifying footnote 2 of the September 6, 2005 Order to make clear that Dolby's motion for summary judgment of non-infringement of the '457 and '938 patents regarding Dolby's cinema technology was granted.

On September 27, 2005, Dolby filed a motion for attorneys' fees. Lucent opposes the motion. The Court heard oral argument on November 18, 2005.

## II. LEGAL STANDARD

Dolby brought its motion for attorneys' fees pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and Federal Rules of Civil Procedure 11 and 54. Federal Rule of Civil Procedure 54 "establishes a procedure for presenting claims for attorneys' fees," Fed. R. Civ. P. 54(d)(2) Advisory Committee Notes 1993 Amendment. Federal Rule of Civil Procedure 11, 35 U.S.C. § 285, and 28 U.S.C. § 1927 provide substantive bases for awarding attorneys' fees. However, because Dolby does not state any reason for awarding fees pursuant to 28 U.S.C. § 1927,[2] the Court will not award any fees pursuant to this statute.

Pursuant to 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The two-step inquiry for considering a request for

---

[2] "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

attorneys' fees pursuant to 35 U.S.C. § 285 involves (1) "determinat[ion] whether there is clear and convincing evidence that the case is 'exceptional,'" and (2) "if so, whether an award of attorney fees to the prevailing party is warranted." *Interspiro USA, Inc. v. Figgie Intern. Inc.*, 18 F.3d 927, 933 (Fed. Cir. 1994). The Court may deem a case "exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed.R.Civ.P. 11, or like infractions." *Brooks Furniture Mfg., Inc. v. Dutailier Intern., Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). "Absent misconduct in conduct of the litigation or in securing the patent, sanctions may be imposed against the patentee only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." *Id*.

Additionally, as Dolby argues, sanctions may be imposed pursuant to Federal Rule of Civil Procedure 11:

> Defending against baseless claims of infringement subjects the alleged infringer to undue costs—precisely the scenario Rule 11 contemplates. Performing a pre-filing assessment of the basis of each infringement claim is, therefore, extremely important. In bringing a claim of infringement, the patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement. Failure to do so should ordinarily result in the district court expressing its broad discretion in favor of Rule 11 sanctions, at least in the absence of a sound excuse or considerable mitigating circumstances.

*View Engineering, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981, 986 ( Fed. Cir. 2000); *see also*, *Epcon Gas Systems, Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1035 (Fed. Cir. 2002) (noting that remedies pursuant to Federal Rule of Civil Procedure 11 are available when a party "failed to perform an adequate investigation prior to filing the complaint"); Dolby's Motion for Attorneys' Fees, p. 23.

### III. DISCUSSION

Dolby seeks attorneys' fees for a wide range of alleged misconduct, bad faith actions, delays, and misrepresentations by Lucent during the four-year course of the instant litigation. The Court is sympathetic with Dolby's position, particularly in light of certain aspects of

Lucent's conduct in the course of discovery. However, considering as a whole the conduct of both parties during the years of litigation, the Court, in its discretion, concludes that the majority of Lucent's conduct is not so "exceptional" as to merit the imposition of sanctions. The one exception, discussed below, is Lucent's assertion of counterclaims based on Dolby's cinema technology.

Dolby seeks attorneys' fees for Lucent's alleged "scare-the-customer-and-run" tactics prior to litigation, delay during discovery and litigation, and misrepresentations. Conduct leading up to contentious litigation is rarely the picture of civility, and Lucent's aggressive communications with Dolby's customers are no exception. After litigation commenced, to the extent that Lucent's actions may have delayed litigation, these actions were by no means exceptional. Lucent's conduct during discovery occasionally did rise to the level of being sanctionable—and Lucent has been sanctioned significantly for this misconduct. For example, on December 15, 2004, Magistrate Judge Richard Seeborg issued an Order granting Dolby's motion to compel further testimony of Lucent, with the costs to be paid by Lucent. On January 28, 2005, Magistrate Judge Seeborg issued an Order (1) requiring Lucent to reimburse Dolby in the amount of $29,083.43 for expenses incurred by Dolby in re-deposing Lucent's Rule 30(b)(6) witnesses, and for the fees and costs incurred in filing the motion for sanctions, (2) requiring Lucent to provide verified responses to specific questions, and (3) precluding Lucent from offering specified evidence on summary judgment or at trial. On May 9, 2005, Magistrate Judge Seeborg ordered Lucent to pay to Dolby the sum of $69,651.25 for the fees and costs incurred in filing the motion for sanctions that resulted in the January 28, 2005 Order. This Court overruled Lucent's objection to Magistrate Judge Seeborg's Orders. The Court sees no need to award additional discovery-related sanctions, nor will this Court issue sanctions for Lucent's alleged misrepresentation to Judge Brewster of the United States District Court for the Southern District of California, because the alleged misrepresentations did not occur in the instant litigation.

Dolby also argues that Lucent's infringement claims with respect to the '457 and '938 patents, which failed to survive summary judgment, were brought in bad faith. However, the fact that Lucent failed to present sufficient evidence to defeat summary judgment does mean that

Lucent's claims necessarily were brought in bad faith. Dolby's claim that Lucent has conceded that the '938 patent is invalid over multiple prior art references is not supported by clear and convincing evidence. Lucent's statement filed in connection with its reissue application that the '938 patent was "partly inoperative or invalid by reason of a defective specification," Fisher Decl. Ex. 1, p. 1, does not constitute an admission. *See, e.g., Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1577 (Fed. Cir. 1986) (holding that a statement in a reissue oath that "'the original patent to be wholly or partly inoperative or invalid'" was not a "'binding admission' of anticipation"). A reissue oath or declaration

> *must* . . . state that . . . [t]he applicant believes the original patent to be wholly or partly inoperative or invalid by reason of a defective specification or drawing, or by reason of the patentee claiming more or less than the patentee had the right to claim in the patent, stating at least one error being relied upon as the basis for reissue.

37 C.F.R. § 1.175(a) (emphasis added). Nor do Lucent's supplemental responses to request numbers 3, 5-7, and 15-30 include admissions that constitute clear and convincing evidence that Lucent brought its claims in bad faith. Lucent did admit that claims 1 through 4 of the '938 patent are anticipated, "if the priority date of the '938 patent is 992 or later." Declaration of Jason S. Grauch in Support of Defendant Lucent Technologies Inc.'s Opposition to Dolby Laboratories, Inc. and Dolby Laboratories Licensing Corporation's Motion for Attorney's Fees ("Grauch Decl."), Ex. P, pp. 17-20. However, Lucent also stated that the United States Patent and Trademark Office ("USPTO") "has determined that the '938 patent is entitled to an effective filing date of December 30, 1988," and that its admission was only "under the limited, *hypothetical*, and *nonexistent* circumstances that the priority date of '938 patent is 1992 or later." *Id* (emphasis added).

Dolby argues that Lucent engaged in inequitable conduct before the USPTO in filing its reissue application for the '938 patent. Without reaching the merits of this argument, the Court concludes that any possible inequitable conduct with respect to this reissue application is not an appropriate basis for sanctions here. As Lucent notes in opposition, the USPTO has not yet issued a patent as a result of the reissue application, and Lucent has not alleged any inequitable conduct before the USPTO with respect to the two patents that were at issue in the instant

litigation. Dolby cites no case authority for the proposition that inequitable conduct before the USPTO with respect to a patent not directly at issue in the litigation can be a basis for sanctions.

The Court agrees with Dolby, however, that Lucent's conduct with respect to its counterclaims relating to Dolby's cinema technology does warrant the imposition of sanctions. Lucent alleged in its "Amended and Supplemental Patent Local Rule 3-1 Disclosure of Asserted Claims and Preliminary Infringement Contentions" that Dolby infringed the '457 and '938 patents with the following accused products: "Dolby's and Dolby's licensees' *cinema*, consumer, professional, and any other products that implement AC-3 technology and/or are made by the AC-3 process—including products referred to as 'Dolby Digital' products." Declaration of Jeffrey M. Fisher in Support of Dolby's Motion for Attorney's Fees ("Fisher Decl."), Ex. 00, p. 2 (emphasis added). However, Lucent accused Dolby's customers of violating its patents with respect only to Dolby's *consumer* technology. *See, e.g.*, Fisher Decl., Ex. WWW. Moreover, Lucent never produced a claim chart comparing the cinema technology with its patent claims. *See, e.g.*, Fisher Decl., Ex. YYY.

On November 11, 2004 and December 1, 2004, counsel for Dolby sent letters to Lucent's counsel requesting that Lucent withdraw its allegations of infringement against the cinema technology. Fisher Decl., Exs. DDDD and EEEE. Lucent apparently failed to respond to either letter.[3] On January 28, 2005, Dolby moved for summary judgment with respect to its cinema technology. Lucent never filed opposition to this motion. Lucent and Dolby communicated about a possible stipulation to the dismissal of its claims related to the cinema technology, but no stipulation resulted. Fischer Decl., Ex. GGGG. On September 27, 2005, the Court issued an order clarifying the September 6, 2005 Order to make clear that Dolby's motion for summary judgment of non-infringement of the '457 and '938 patents regarding Dolby's cinema technology was granted.

Lucent acknowledges that it never produced a claim chart with respect to Dolby's cinema technology. Nonetheless, it argues that it brought its claims of infringement of the cinema

---

[3] Lucent does not contradict this allegation in its opposition.

technology in good faith, asserting that it "relied on Dolby's technical documents which stated that it employed the *same* basic perceptual coding technique as Dolby's AC-3 consumer products." Opposition, p. 6. However, the only "technical document" Lucent cites is a description of "Dolby Digital" available on Dolby's website, which states that the cinema technology is "*based on* the same advanced perceptual coding technique, Dolby AC-3." Grauch Decl., Ex. H., p. 1 (emphasis added). The website also states: "*Much like* Dolby's analog fil sound formats, Dolby Digital in the cinema has provided a *springboard* for consumer formats." *Id*, p. 2 (emphasis added).

Lucent also attempts to justify its pursuit of its cinema technology counterclaims on the ground that Dolby delayed discovery on this issue. Dolby did not produce the algorithms used in its cinema technology and a relevant witness for deposition until Magistrate Judge Seeborg issued an Order on May 26, 2004, granting Lucent's motion to compel this discovery. Lucent claims that it concluded that it should dismiss the cinema technology counterclaims after it became apparent that it would not have the deposition testimony of a second relevant witness, which was delayed by Dolby and then barred by Magistrate Judge Seeborg's Order of December 15, 2004 prohibiting all further depositions. Lucent contends that by this point, Dolby already had filed its motion for summary judgment.

In *View Engineering, Inc. v. Robotic Vision Systems, Inc.*, involving a similar factual situation, the Federal Circuit upheld a district court's imposition of sanctions pursuant to Federal Rule of Civil Procedure 11. *View Engineering*, 208 F.3d 981, 984-87 (Fed. Cir. 2000). In that case, the Defendant-Appellant, having not seen the accused product, based the filing of its counterclaims on the personal knowledge of a Defendant-Appellant executive and on Plaintiff-Appellee's advertising and statements made to its customers. *Id*. at 985. In *Q-Pharma, Inc. v. Andrew Jergens Co.*, the Federal Circuit has held similarly: "In the context of patent infringement actions, we have interpreted Rule 11 to require, at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement." *Q-Pharma, Inc.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004).

iii. *Estimated value of the fees sought*

Lucent argues that Dolby's motion should be denied on the ground that it does not include an estimated value of the fees sought. Federal Rule of Civil Procedure 54(2)(B) provides: "Unless otherwise provided by statute or order of the court, the motion . . . *must* state the amount or provide a fair estimate of the amount sought" (emphasis added). It is true, as Dolby's counsel noted during oral argument, that "[t]he court may determine issues of liability for fees before receiving submissions bearing on issues of evaluation of services for which liability is imposed by the court." Fed. R. Civ. P. 54(2)(C). However, the Advisory Committee Notes to Federal Rule of Civil Procedure 54 further explain:

> The rule does not require that the motion be supported at the time of filing with the *evidentiary* material bearing on the fees. This material must of course be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case. *What is required* is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees, and the amount of such fees (or a fair estimate).
> . . .
> The court is explicitly authorized to make a determination of the liability for fees before receiving submissions by the parties bearing on the amount of an award. This option may be appropriate in actions in which the liability issue is doubtful and the evaluation issues are numerous and complex.

Fed.R. Civ. P. 54 Advisory Committee Notes 1993 Amendment (emphasis added).

In the interest of deciding Dolby's motion on the merits, the Court will not deny it for failing to include an estimate of the fees sought, as is required by Federal Rule of Civil Procedure 54(2)(B). While it does not excuse Dolby's failure to comply with Rule 54(2)(B), the Court notes also that the length and complexity of the instant litigation would have made it difficult for Dolby to provide even an estimate of its attorney's fees. *Cf. DeShiro v. Branch*, 183 F.R.D. 281, 285 nn.2-3 (M.D. Fla. 1998).

**IV. ORDER**

Good cause therefore appearing, IT IS HEREBY ORDERED that the instant motion is GRANTED IN PART and DENIED IN PART, as set forth above.

IT IS FURTHER ORDERED that Dolby shall submit a detailed accounting of the

8

1 attorney's fees it incurred as a result of Lucent's conduct with respect to its counterclaims
2 relating to Dolby's cinema technology not later than May 26, 2006.  Lucent shall file any
3 opposition not later than June 2, 2006, and Dolby shall file any reply not later than June 9, 2006.

DATED: May 15, 2006

_____
JEREMY FOGEL
United States District Judge

1   This Order has been served upon the following persons:

| | |
|---|---|
| G. Seth Beal | seth_beal@la.kirkland.com, david_shukan@la.kirkland.com; maguillon@kirkland.com |
| John L. Cooper | jcooper@fbm.com, brestivo@fbm.com; calendar@fbm.com |
| John M. Desmarais | jdesmarais@kirkland.com |
| Jeffrey M. Fisher | jfisher@fbm.com, renterig@fbm.com; calendar@fbm.com |
| Darrell A. Fruth | dfruth@fbm.com, calendar@fbm.com; cschnurmacher@fbm.com |
| Jason Spencer Grauch | jgrauch@kirkland.com, |
| Nan E. Joesten | joestenn@fbm.com, calendar@fbm.com; ksmall@fbm.com |
| Alan S. Kellman | akellman@kirkland.com, jmafale@kirkland.com |
| Andrew Leibnitz | aleibnitz@ fbm.com, dwilliams@fbm.com |
| Andrew Leibnitz | aleibnitz@fbm.com, dwilliams@fbm.com |
| Sangeetha M. Raghunathan | sraghunathan@fbm.com |
| David Shukan | dshukan@kirkland.com, akellman@kirkland.com |

Case No. C 01-20709 JF
ORDER GRANTING IN PART AND DENYING IN PART DOLBY'S MOTION FOR ATTORNEYS' FEES
(JFLC1)