1

2                                          **E-Filed 7/17/06**

3

4

5

6

7                        NOT FOR CITATION

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                       **SAN JOSE DIVISION**

11

12   DOLBY LABORATORIES, INC., et al.,        Case Number C 01-20709 JF

13                 Plaintiffs,                 ORDER[1] GRANTING IN PART
                                               DOLBY'S APPLICATION FOR
14          v.                                 ATTORNEYS' FEES

15   LUCENT TECHNOLOGIES, INC.,                [re: docket no. 730]

16                 Defendant.

17   AND RELATED COUNTERCLAIMS

18

19        Pursuant to this Court's May 9, 2006 Order, Plaintiffs/Counter-Defendants Dolby

20   Laboratories, Inc., and Dolby Laboratories Licensing Corporation (collectively "Dolby") seek

21   $306,622 in attorneys' fees,[2] $31,512.33 in prejudgment interest, and $100.76 in postjudgment

22

23        [1] This disposition is not designated for publication and may not be cited.

24
          [2] Dolby originally requested $257,666 in fees associated with Lucent's cinema technology
25   counterclaims and indicated that, in its reply, it would also seek fees associated with the instant
     application.  In its reply, Dolby withdrew its request for $2,604 in fees associated with its
26   preparation of the Motion for Entry of Protective Order (Docket No. 120) and $825 in fees
     associated with analysis of the EC-10 algorithms.  Dolby now seeks $254,237 in fees associated
27   with Lucent's cinema technology counterclaims and $52,385 for fees incurred in preparing the
     instant application and reply.
28

1   interest as a result of Defendant/ Counterclaimant Lucent Technologies Inc. and Counterclaimant

2   Lucent Technologies Guardian I LLC's (collectively "Lucent") conduct with respect to its

3   counterclaims relating to Dolby's cinema technology.  Lucent opposes $76,335[3] of Dolby's

4   request for attorneys' fees and Dolby's request for prejudgment interest.

5   **1.      Attorneys' Fees**

6           *a.      Dolby's Motion to Compel Infringement Contentions and Motion for a Protective*

7                   *Order to Prevent Lucent From Deposing Dolby Engineers*

8           Lucent opposes Dolby's request for $39,582 in fees associated with Dolby's Motion to

9   Compel Infringement Contentions (Docket No. 180) and Motion for a Protective Order to

10  Prevent Lucent From Deposing Dolby Engineers (Docket No. 190).  Lucent argues that the

11  motion to compel was not specific to cinema technology, included only a generalized request that

12  Lucent identify specific products accused of infringement, and would have been filed regardless

13  of whether Lucent asserted the cinema technology counterclaims.  It argues similarly that the

14  motion for a protective order was directed primarily at other aspects of discovery and sought only

15  to continue the stay that was already in place on the cinema technology discovery.  Dolby

16  responds that the fees requested with respect to these motions do not represent the entirety of the

17  fees related to the motions, but instead are the portion of such fees attributable to the cinema

18  technology aspects of the motions.  *See* Cooper Decl. ¶ ¶ 9, 18 ("The hours reflected in Exhibit A

19  reflect only time spent on work performed with regard to Lucent's counterclaims relating to

20  Dolby's cinema technology"); *Id*. Ex. D (Fisher Decl.) ¶ 6 (same); *Id*. Ex. E (Liebnitz Decl.) ¶ 6

21  (same); *Id*. Ex. F (Joesten Decl.) ¶ 6 (same); *Id*. Ex. G (Raghunathan Decl.) ¶ 6 (same); *Id*. Ex. H

22  (Esponda Decl.) ¶ 3 (same);  *Id*. Ex. I (Glass Decl.) ¶ 3 (same).

23          While Dolby has submitted general statements from counsel that it seeks only the fees

24  attributable the cinema technology counterclaims, Dolby has not presented evidence showing

25  what *portion* of the fees associated with the motions is attributable to these counterclaims or

26

27  _____

28          [3] *See* note 2, *supra.*

Case No. C 01-20709 JF
ORDER GRANTING IN PART DOLBY'S APPLICATION FOR ATTORNEYS' FEES
(JFLC1)

evidence of which time entries were reduced and by how much.[4]  Accordingly, this Court must

estimate the appropriate fee award based on Dolby's submitted time entries, counsel's general

statements, and its own review of the motions.  Having considered these factors, the Court will

award $30,000 in fees associated with Dolby's Motion to Compel Infringement Contentions and

Motion for a Protective Order to Prevent Lucent From Deposing Dolby Engineers.

> b.    *Dolby's Motion to Compel Further Infringement Contentions*

Lucent opposes Dolby's request for $8,503 in fees associated with Dolby's Motion to

Compel Further Infringement Contentions (Docket No. 227) on the ground that this motion is not

related to the cinema technology counterclaims and would have been filed regardless of whether

Lucent asserted these counterclaims.  However, the motion expressly addressed Lucent's cinema

technology counterclaims, *see* Docket No. 227, p. 8,[5] and Dolby's counsel state that the fees

requested with respect to this motion are only the portion of fees attributable to the cinema

technology aspects of this motion, *see* Cooper Decl. ¶ ¶ 9, 18 and Exs. D-I.  The Court again

confronts the problem that Dolby has not provided detailed evidence of the portion of the fees

attributable to the cinema technology counterclaims, and it must estimate the fee award based on

---

[4] Dolby provides the following example of how fees were allocated to the cinema technology counterclaims in its reply: "For example, Mr. Fisher spent 4.6 hours reviewing and revising Dolby's Motion to Compel Further Infringement Contentions on March 5, 2003, but Dolby only requests reimbursement for 0.6 hours of his time for work related to the cinema counterclaims."  Reply, p. 2.  However, Dolby has submitted no evidence with respect the 4.6 hours initially entered by Fisher, nor has it submitted any evidence of how *any* of the time entries were reduced.

[5] Lucent argues that Dolby expressly stated in this motion that the cinema technology counterclaims would be the subject of a later motion.  However, Dolby instead sought identification of the AC-3 products Lucent knew about but did not intend to accuse of infringement, noting "As in its initial infringement contentions, Lucent's claim charts have simply lumped all accused instrumentalities into one – AC-3 technology – thereby again giving itself a "free pass" from having to disclose specifically where each element of each asserted claim is found in each alleged accused instrumentality in its Patent L.R. 3-1(c) claim charts. As Dolby noted in its initial Motion to Compel, nowhere has Lucent's failure to comply with Patent L.R. 3-1 been more apparent than with respect to its contention that Dolby Digital cinema technology infringes the patents-insuit."  Docket No. 227, p. 8 n.6.  Dolby indicated that it would defer seeking a preclusion order, not that it would defer raising issues related to the cinema technology counterclaims.  *Id.*

Case No. C 01-20709 JF
ORDER GRANTING IN PART DOLBY'S APPLICATION FOR ATTORNEYS' FEES
(JFLC1)

1  the available information, including the briefing on the underlying motion.  Having considered

2  all of the relevant factors, the Court will award $6,000 in fees associated with Dolby's Motion to

3  Compel Further Infringement Contentions.

4         *c.*    *Engineer Depositions*

5       Lucent next opposes Dolby's request for $3,222 in fees associated with depositions of

6  Dolby's engineers on the ground that the engineers were not deposed for the purpose of obtaining

7  information about cinema technology.  However, the depositions of Grant Davidson, Louis

8  Fielder, Steven Forshay, Brian Link, Kent Terry, and Craig Todd all include questions related to

9  Dolby's cinema technology.  *See* Raghunathan Decl. Ex. C (selections from deposition

10  testimony).  Moreover, Dolby requests only minimal fees in association with these depositions,

11  which touched on the issue of the cinema technology for the rather obvious reason that Lucent

12  had alleged counterclaims based on this technology.  Accordingly, the Court will grant Dolby's

13  request for $3,222 in fees associated with the depositions.

14       Lucent also opposes $8,093 of Dolby's request for $24,516 in fees associated with the

15  deposition of Steven Vernon ("Vernon").  Lucent acknowledges that Vernon's deposition related

16  specifically to cinema technology, but argues that the fees requested in association with this

17  deposition are excessive.  Lucent argues that three partners participated in Vernon's preparation

18  and defense and, thus, that some of the fees were duplicated.  Having reviewed the time entries,

19  the Court agrees with Lucent that the fees requested for the deposition of Vernon are somewhat

20  excessive.  Accordingly, the Court will award $20,000 in fees associated with this deposition.

21         *d.*    *Lucent's Motion to Compel the Production of Documents Relating to AC-3*

22             *Cinema Technology and Third-Party AC-3 Communications*

23       Lucent opposes half of Dolby's request for $22,998 in fees associated with its work done

24  with respect to Lucent's Motion to Compel the Production of Documents Relating to AC-3

25  Cinema Technology and Third-Party AC-3 Communications (Docket No. 313) on the ground

26  that this motion was not related exclusively to the cinema technology counterclaims.  However,

27  as has been noted above, Dolby's counsel have stated that the fees requested with respect to this

28  motion are only the portion of fees attributable to the cinema technology aspects of this motion.

4

1   *See* Cooper Decl. ¶¶ 9, 18 and Exs. D-I.  Again, the Court confronts the problem that Dolby has

2   not provided detailed evidence of the portion of the fees attributable to the cinema technology

3   counterclaims, and it must estimate the fee award based on the available information, including

4   the briefing on the underlying motion.  Having considered the relevant factors, the Court will

5   award $17,000 in fees associated with Lucent's Motion to Compel.

6           *e.      Miscellaneous Fee Entries*

7           Lucent opposes Dolby's request for $5,436 in "miscellaneous" fees that Lucent argues

8   show no indication of being related to the cinema technology counterclaims.  However, Dolby

9   argues that, while the notes associated with the time entries do not themselves indicate a

10  relationship to the cinema technology counterclaims, all of the entries represent only those fees

11  that are attributable cinema technology.  *See* Cooper Decl. ¶¶ 9, 18 and Exs. D-I.  Additionally,

12  one of the entries opposed by Lucent relates to the deposition of Roger Stricker, which included

13  questioning related to cinema technology.  *See* Kellman Decl. Ex. A (entry 239); Raghunathan

14  Decl. Ex. E (selections from Stricker deposition testimony).  Having considered the information

15  available to it, the Court will award $4,000 of the requested $5,436 "miscellaneous" fees.

16          *f.      Fees Incurred in Preparing the Instant Application and Reply*

17          Dolby indicated in its application that it would seek fees associated with the instant

18  application.  Lucent did not comment on or oppose Dolby's anticipated requests.  In its reply,

19  Dolby requests $52,385 for fees incurred in preparation of the instant application and reply.

20  Although Lucent has not responded to this particular fee request, the Court has reviewed the time

21  entries and has considered the instant application, reply, and associated documents.  The Court

22  will award $40,000 for fees incurred in preparing the instant application and reply.

23          *e.      Total Attorneys' Fees*

24          The Court will award attorneys' fees in the total amount of $270,202.

25

26  **2.     Prejudgment and Postjudgment Interest**

27          Lucent opposes Dolby's request for prejudgment interest.  This Court, in the exercise of

28  its " its discretion in light of all the facts and circumstances," has "authority, in cases of 'bad

Case No. C 01-20709 JF
ORDER GRANTING IN PART DOLBY'S APPLICATION FOR ATTORNEYS' FEES
(JFLC1)

1    faith or other exceptional circumstances,' to award prejudgment interest on the unliquidated sum

2    of an award made under [35 U.S.C.] Section 285." *Mathis v. Spears*, 857 F.2d 749, 761 (Fed.

3    Cir. 1988). Another court in this district awarded prejudgment interest in a case where it

4    concluded that willfulness and bad faith had been evident in pre-trial proceedings, noting:

> Though Section 284 does not require an award of prejudgment interest, the
> Supreme Court has stated that prejudgment interest should ordinarily be awarded
> to ensure that the patent owner is placed in as good a position as it would have
> been in had the infringer entered into a reasonable royalty agreement.

8    *A&L Technology v. Resound Corp.*, 1995 WL 415146, *4 (N.D. Cal. 1995) (citing *General

9    Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983)). Lucent argues that prejudgment

10   interest is not ordinarily awarded unless a case is deemed exceptional. Having concluded in its

11   May 9, 2006 Order that Lucent's conduct with respect to the cinema technology counterclaims

12   merited the imposition of sanctions, this Court agreed with Dolby that this conduct was

13   exceptional. Accordingly, in the exercise of its discretion, this Court will award prejudgment

14   interest to Dolby.

15           The parties shall confer as to the appropriate calculation and amount of prejudgment and

16   postjudgment interest based on the instant award of $270,202 in attorneys' fees and submit a

17   stipulation to the Court not later than Friday July 21, 2006. If the parties cannot agree, each side

18   shall submit a brief, setting forth in detail its proposed calculation and amount of prejudgment

19   and postjudgment interest, not later than Wednesday July 26, 2006.

21           IT IS SO ORDERED.

23   DATED:  July 17, 2006

25                                                    _____
26                                                    JEREMY FOGEL
                                                      United States District Judge

6

Case No. C 01-20709 JF
ORDER GRANTING IN PART DOLBY'S APPLICATION FOR ATTORNEYS' FEES
(JFLC1)

This Order has been served upon the following persons:

| | |
|---|---|
| G. Seth Beal | seth_beal@la.kirkland.com, david_shukan@la.kirkland.com; maguillon@kirkland.com |
| John L. Cooper | jcooper@fbm.com, brestivo@fbm.com; calendar@fbm.com |
| John M. Desmarais | jdesmarais@kirkland.com |
| Jeffrey M. Fisher | jfisher@fbm.com, renterig@fbm.com; calendar@fbm.com; ggeorge@fbm.com; wpemail@fbm.com |
| Darrell A. Fruth | dfruth@fbm.com, calendar@fbm.com; cschnurmacher@fbm.com |
| Jason Spencer Grauch | jgrauch@kirkland.com, |
| Nan E. Joesten | joestenn@fbm.com, calendar@fbm.com; ksmall@fbm.com |
| Alan S. Kellman | akellman@kirkland.com, jmafale@kirkland.com |
| Jenny N. Lee | jlee@kirkland.com |
| Andrew Leibnitz | aleibnitz@ fbm.com, dwilliams@fbm.com |
| Andrew Leibnitz | aleibnitz@fbm.com, dwilliams@fbm.com |
| Sangeetha M. Raghunathan | sraghunathan@fbm.com, dwilliams@fbm.com, jamante@fbm.com, calendar@fbm.com |
| David Shukan | dshukan@kirkland.com, akellman@kirkland.com |

7